TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00378-CR







Alvis Lee Brooks, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY


NO. 411774, HONORABLE DAVID CRAIN, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of criminal trespass and assessed punishment at
incarceration for ninety days. Because we find appellant's sole point of error to be without merit,
we will affirm the judgment of conviction.

 At about 3:30 a.m. on June 11, 1993, University of Texas police officer Curtis
Funke discovered four persons sleeping in the entryway to the Frank Erwin Center, a university
building. The officer woke these individuals, informed them they were not permitted to sleep at
that location, and asked them to leave. Appellant's companions complied with the officer's
request but appellant refused to do so. He was ultimately arrested for criminal trespass.

 Appellant contends his trial counsel was ineffective during the jury selection
process. Specifically, appellant complains that counsel erroneously failed to challenge venire
member James Van Pelt for cause and, as a result, was forced to use a peremptory challenge to
remove Van Pelt from the jury. This alleged waste of a peremptory challenge meant that counsel
could not strike venire member Edward Eichner, who ultimately served as jury foreman. In
appellant's view, Van Pelt was challengeable for bias, while Eichner should have been stricken
due to his unfavorable attitude toward homeless persons.

 Van Pelt was a former assistant county attorney whose duties had consisted
primarily of criminal prosecutions. He was a friend of one of the prosecutors in this cause. 
When asked by defense counsel if his prior employment and personal relationships would "create
any kind of bias for you during this trial," Van Pelt replied, "Well, I think it's obviously very
dishonest to say there's absolutely no bias whatsoever." But Van Pelt also stated, "As far as
ultimate bias, as far as this case, I do not know the defendant. I have been a criminal prosecutor. 
I've also been a criminal defense [sic]. I suppose that's the most honest answer --." When told
the names of the police officers who would testify, Van Pelt said he did not know them. Van Pelt
indicated that he would be able to "listen to the facts of this case and judge it based on the facts"
rather than on his past affiliation with the county attorney or experience as a defense attorney.

 Appellant's conclusion that Eichner was an unsuitable juror is based on his response
to a single question by defense counsel. When counsel asked the jury panel where a homeless
person should sleep, Eichner answered, "Community shelters." Appellant asserts that this
response indicated that the panelist would be unsympathetic to his defensive claim that he had a
right to camp-out at the Erwin Center.

 To prevail on a claim of ineffective assistance of counsel, an appellant must show
that counsel made such serious errors that she was not functioning effectively as counsel and that
these errors prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. 
Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex.
Crim. App. 1986); and see Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985);
O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992, pet. ref'd). In reviewing a claim
of ineffective assistance, we must indulge a strong presumption that counsel's conduct fell within
the wide range of reasonable professional assistance. Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994). We must presume that counsel was in the best position to judge the
pragmatism of the particular case and that she made all significant decisions in the exercise of
reasonable professional judgment. Delrio v. State, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992).

 The record is silent as to why counsel failed to challenge Van Pelt for cause. There
is also no evidence to explain why counsel elected to use a peremptory challenge against Van Pelt
but not against Eichner. In light of the silent record, and considering the voir dire responses of
Van Pelt, Eichner, and the other panelists as a whole, appellant has failed to meet his burden of
proving that counsel was not acting within the broad range of reasonable professional assistance
during voir dire. See Jackson, 877 S.W.2d at 771 (given silent record, appellate court must
presume failure to challenge venire member was exercise of reasonable professional judgment). 
The point of error is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: April 3, 1996

Do Not Publish



t about 3:30 a.m. on June 11, 1993, University of Texas police officer Curtis
Funke discovered four persons sleeping in the entryway to the Frank Erwin Center, a university
building. The officer woke these individuals, informed them they were not permitted to sleep at
that location, and asked them to leave. Appellant's companions complied with the officer's
request but appellant refused to do so. He was ultimately arrested for criminal trespass.

 Appellant contends his trial counsel was ineffective during the jury selection
process. Specifically, appellant complains that counsel erroneously failed to challenge venire
member James Van Pelt for cause and, as a result, was forced to use a peremptory challenge to
remove Van Pelt from the jury. This alleged waste of a peremptory challenge meant that counsel
could not strike venire member Edward Eichner, who ultimately served as jury foreman. In
appellant's view, Van Pelt was challengeable for bias, while Eichner should have been stricken
due to his unfavorable attitude toward homeless persons.

 Van Pelt was a former assistant county attorney whose duties had consisted
primarily of criminal prosecutions. He was a friend of one of the prosecutors in this cause. 
When asked by defense counsel if his prior employment and personal relationships would "create
any kind of bias for you during this trial," Van Pelt replied, "Well, I think it's obviously very
dishonest to say there's absolutely no bias whatsoever." But Van Pelt also stated, "As far as
ultimate bias, as far as this case, I do not know the defendant. I have been a criminal prosecutor. 
I've also been a criminal defense [sic]. I suppose that's the most honest answer --." When told
the names of the police officers who would testify, Van Pelt said he did not know them. Van Pelt
indicated that he would be able to "listen to the facts of this case and judge it based on the facts"
rather than on his past affiliation with the county attorney or experience as a defense attorney.

 Appellant's conclusion that Eichner was an unsuitable juror is based on his response
to a single question by defense counsel. When counsel asked the jury panel where a homeless
person should sleep, Eichner answered, "Community shelters." Appellant asserts that this
response indicated that the panelist would be unsympathetic to his defensive claim that he had a
right to camp-out at the Erwin Center.

 To prevail on a claim of ineffective assistance of counsel, an appellant must show
that counsel made such serious errors that she was not functioning effectively as counsel and that
these errors prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. 
Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex.
Crim. App. 1986); and see Moore v